E-FILED
Thursday, 06 May, 2021  03:19:28 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-20047 |
| | ) | |
| TOBY INGRAM, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER AND OPINION

This matter is now before the Court on Defendant Toby Ingram's Motion for Determination of Statutory Sentencing Range. (ECF No. 42). For the reasons stated below, his Motion is DENIED.

### Background

On November 2, 2020, Ingram pled guilty to Count One of the Superseding Indictment charging him with knowingly and intentionally possessing with the intent to distribute fifty grams or more of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii). (ECF No. 17).

On September 11, 2019, the Government filed an Amended Information Concerning Prior Conviction under 21 U.S.C. § 851 to notify the Court that it intends to rely on Ingram's prior serious drug felony convictions in Edgar County, Illinois, including Possession of Anhydrous Ammonia with Intent to Manufacture Methamphetamine (Case No. 2006-CF-33) and Possession of a Methamphetamine Precursor (Case Nos. 2009-CF-1 and 2009-CF-204), as a basis for an increased sentence. (ECF No. 21 at 1-2). Based on his prior convictions, Ingram would face a term of imprisonment of at least twenty-five years if convicted of Count One. *Id*. at 2.

1

On March 19, 2021, Ingram filed a Motion for Determination of Statutory Sentencing Range and an accompanying Memorandum of Law, arguing that, as a nonviolent drug offender, there is no statutory minimum because he is safety valve eligible under 18 U.S.C. § 3553(f). (ECF Nos. 42 and 43). On April 12, 2021, the Government filed a Response. (ECF No. 47). On April 26, 2021, Ingram filed a Reply. (ECF No. 48). On April 28, 2021, the Court heard oral arguments and took the matter under advisement. (d/e 4/28/2021). This Order follows.

## Legal Standard

Congress created the safety valve provision of § 3553(f) as part of the Mandatory Minimum Sentencing Reform Act of 1994. *United States v. Collins*, 924 F.3d 436, 440 (7th Cir. 2019). This provision allows courts to issue a sentence below the otherwise mandatory minimum if certain requirements are met. *United States v. Dominguez Benitez*, 542 U.S. 74, 78 (2004).

The First Step Act of 2018 expanded eligibility for safety valve relief. Pub. L. No. 115-391, 132 Stat. 5194. A defendant must meet the following five conditions in § 3553(f)(1)-(5) to be eligible, including the amended criminal history criteria:

> **(f) Limitation on applicability of statutory minimums in certain cases.--** Notwithstanding any other provision of law, in the case of an offense under section 401, 404, or 406 of the Controlled Substances Act (21 U.S.C. 841, 844, 846) . . . the court shall impose a sentence pursuant to guidelines promulgated by the United States Sentencing Commission under section 994 of title 28 without regard to any statutory minimum sentence, if the court finds at sentencing, after the Government has been afforded the opportunity to make a recommendation, that--
>
> > **(1)** the defendant does not have--
> >
> > > **(A)** more than 4 criminal history points, excluding any criminal history points resulting from a 1-point offense, as determined under the sentencing guidelines;
> > >
> > > **(B)** a prior 3-point offense, as determined under the sentencing guidelines; and

> (C) a prior 2-point violent offense, as determined under the sentencing guidelines;
>
> (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>
> (3) the offense did not result in death or serious bodily injury to any person;
>
> (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act; and
>
> (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

18 U.S.C. § 3553(f)(1)-(5).

"[T]he defendant must carry the burden of establishing eligibility for the safety-valve exemption from a mandatory minimum sentence." *Collins*, 924 F.3d at 441.

## Discussion

The issue before this Court is how to interpret § 3553(f)(1)(A)-(C). Subsection (1) contains a list of conditions in (A), (B), and (C), which are preceded by the phrase "defendant does not have." The conditions are joined by the word "and" between (B) and (C). The parties disagree how to interpret the word "and" as used in subsection (1)(A)-(C). Is a defendant required to have a criminal history that is free of all three factors found in (A), (B), and (C), as the Government contends? Conversely, is a defendant only disqualified from safety valve relief if his or her criminal history contains each of the three components, as Ingram suggests? This is a matter of first impression in this district and the Seventh Circuit.

3

Ingram contends that his interpretation of the statute is supported by the plain reading of the text and basic canons of statutory interpretation. He argues that before he can be deemed ineligible for the safety valve, the Court must find that he has (A) more than four criminal history points; *and* (B) a prior three-point offense; *and* (C) a prior two-point violent offense because Congress used the word "and" between (B) and (C). Here, Ingram does not have the disqualifying factor found in (C) because he is a nonviolent drug offender. As a result, he argues that he is eligible for safety valve relief and has no mandatory minimum, despite having more than four criminal history points and several three-point offenses.

Ingram also states that two district court cases from the Southern District of California support his position – *United States v. Lopez*, 2019 WL 3974124 (S.D. Cal. Aug. 21, 2019) and *United States v. Diaz*, No. 18-CR-01550 (S.D. Cal. Sept. 23, 2019). Both cases were appealed and consolidated for oral argument in the Ninth Circuit. In *Lopez*, the district court held that subsection (1) is ambiguous because multiple constructions of the statutory text are reasonable. *Lopez*, 2019 WL 3974124, at *4. Specifically, the court stated:

> The reading adopted by the government is that a defendant is eligible only when he lacks all three conditions. Because Defendant has condition (B), he is not eligible. Although logical, this is not the only reasonable reading. Because subsection (1) is stated in the negative, one can also read it as stating that a defendant is eligible if he does not have condition (A), and he is eligible if he does not condition (B), and he is eligible if he does not have condition (C). This alternative reading of subsection (1) applies "and" between conditions (B) and (C) in the conjunctive.

*Id*. Alternatively, Ingram argues that the Court should find that the rule of lenity applies because the statute is ambiguous, and any ambiguity should be construed in his favor.

The Government argues that subsection (f)(1) is "plain and unambiguous" and that Ingram's argument fails because it (1) is contrary to the actual language of the statute; (2) ignores basic rules of grammar and legislative drafting; (3) would render portions of the statute

superfluous; and (4) would lead to absurd results. The Government contends that unless the Court finds that Ingram does not have four criminal history points *and* does not have a prior three-point offense *and* does not have a prior two-point violent offense, he is ineligible for safety valve relief. Under the Government's interpretation, Ingram is ineligible for safety valve relief because he has nine criminal history points based on three prior three-point offenses.

The Government cites *United States v. Adame*, 2019 WL 5191823 (D. Idaho Oct. 15, 2019) in support of its position. In *Adame*, the district court held that "[t]he statute is clear on its face that each and every condition must be met before the defendant is eligible for the safety valve." *Id*. at *8. The Government notes that multiple courts have read the amended safety valve as requiring a defendant to meet all the criteria to be eligible for relief. *See, e.g., United States v. Manzo*, 793 Fed.Appx. 620, 620 (9th Cir. 2020) (noting that district court correctly concluded that defendant was ineligible for safety valve relief if he has more than four criminal history points or a prior three-point offense); *United States v. Robinson*, 2021 WL 327064, at *2 (D. Neb. Feb. 1, 2021) ("[b]ecause he was convicted of a two-point, violent offense, Defendant is disqualified from safety-valve eligibility"); *Flores v. United States*, 2021 WL 120934, at *4 (E.D. Mich. Jan. 13, 2021) (noting that a single three-point conviction made the defendant ineligible for safety valve relief under the amended statute); *United States v. Beam*, 2020 WL 7327988, at *9 (N.D. Ala. Dec. 11, 2020) (finding the defendant would qualify for the safety valve under amended statute because she did not have more than four criminal history points and she did not have a prior three-point or two-point offense).

The Court begins its analysis with the language of the statute. *United States v. Sanders*, 909 F.3d 895, 901 (7th Cir. 2018) (statutory interpretation must always begin with the plain language of the statute). In ascertaining the plain meaning of a statute, courts "must look to the

particular statutory language at issue, as well as the language and design of the statute as a whole." *K Mart Corp. v. Cartier, Inc.*, 486 U.S. 281, 291 (1988). Unless words are defined within the statute itself, they will be "interpreted as taking [their] ordinary, contemporary, common meaning." *Sandifer v. U.S. Steel Corp.*, 571 U.S. 220, 227 (2014) (quoting *Perrin v. United States*, 444 U.S. 37, 42 (1979)). "[Courts] find words' ordinary, contemporary, common meaning by looking at what they meant when the statute was enacted, often by referencing contemporary dictionaries." *United States v. Melvin*, 948 F.3d 848, 852 (7th Cir. 2020) (citing *Jackson v. Blitt & Gaines, P.C.*, 833 F.3d 860, 863 (7th Cir. 2016)). If the plain meaning of the statute is unambiguous, the inquiry ends there. *Melvin*, 948 F.3d at 852.

This Court must "give effect to every clause and word of the statute." *Adame*, 2019 WL 5191823, at *7 (citing *Duncan v. Walker*, 533 U.S. 167, 174 (2001)). Here, § 3553(f)(1) states that a court may impose a sentence without regard to any statutory minimum sentence, if the court finds that "the defendant does not have – (A) more than 4 criminal history points …; [and … if the court finds …, that the defendant does not have] (B) a prior 3-point offense …; and [... if the court finds …, that the defendant does not have] (C) a prior 2-point violent offense…." *Adame*, 2019 WL 5191823, at *7. The use of the em-dash following "the court shall impose a sentence … without regard to any statutory minimum sentence, if the court finds …, that—" indicates that each paragraph in this subsection independently modifies the subsection. *Id*.

This Court finds that the statute is unambiguous and states that each condition in (A) through (C) must be met before a defendant is eligible for the safety valve. *See Scherr v. Marriott Int'l, Inc.*, 703 F.3d 1069, 1077 (7th Cir. 2013) ("When the language of a statute is plain, we enforce it according to its terms."). Not only is Ingram's interpretation of § 3553(f)(1)(A)-(C) contrary to the plain language, but it would render portions of it insignificant and superfluous. Under his

6

reading of the statute, if a defendant failed to satisfy (B) by having a prior three-point offense and (C) by having a prior two-point violent offense, then the defendant would have at least five criminal history points. Such a reading would make subsection (A)'s requirement that a defendant not have more than four criminal history points entirely unnecessary. Canons of statutory construction caution courts to hesitate to adopt a statutory interpretation that would render another portion superfluous. *Scherr*, 703 F.3d at 1077 (citing *United States v. Jicarilla Apache Nation*, 131 S. Ct. 2313, 2330 (2011)).

The Court further agrees with the Government's assertion that Ingram's suggested interpretation could lead to an absurd result. Indeed, under Ingram's interpretation, a defendant could qualify for relief no matter how many three-point convictions he had, as long as he did not have a violent two-point conviction. "[I]nterpretations of a statute which would produce absurd results are to be avoided if alternative interpretations consistent with the legislative purpose are available." *United States v. Gordon*, 64 F.3d 281, 283–84 (7th Cir. 1995) (quoting *Griffin v. Oceanic Contractors*, 458 U.S. 564, 575 (1982)). The alternative to Ingram's reading is that a defendant must have avoided incurring both a violent two-point offense and any three-point offenses to qualify for safety valve relief. The Government's interpretation leads to more reasonable and consistent outcomes that provides some relief for those with more limited criminal histories. Accordingly, the Court cannot favor Ingram's interpretation that leads to inconsistent and illogical outcomes.

Finally, regarding the rule of lenity, this principle is only applicable where there is a "grievous ambiguity or uncertainty in the language and structure of the Act." *United States v. Neal*, 46 F.3d 1405, 1410 (7th Cir. 1995). The language of § 3553(f)(1) does not meet this difficult standard. Ingram fails to satisfy every condition of § 3553(f)(1)(A)-(C) because he has nine

criminal history points from three prior three-point offenses. As a result, he is ineligible for safety valve relief.

## Conclusion

For the reasons stated above, Defendant Toby Ingram's Motion for Determination of Statutory Sentencing Range [42] is DENIED.


ENTERED this 6th day of May, 2021.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge
